IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY BALLINGER, | No. C 15-1576 WHA (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DARIN BRIGHT; GREG ELLIS; J. LEWIS; | |
| Defendants. | (Docket No. 11) |

## INTRODUCTION

This is a civil rights action filed under 42 U.S.C. 1983 by a pro se prisoner at Avenal State Prison. Plaintiff claims that defendants Dr. Darin Bright, Greg Ellis, and J. Lewis, who are prison officials, violated his Eighth Amendment rights when he was housed at the California Training Facility ("CTF") by being deliberately indifferent to his knee condition. Defendants move for summary judgment, plaintiff has opposed the motion, and defendants have replied. For the reasons set out below, defendants' motion is **GRANTED**.

## STATEMENT

The following facts are not in dispute, unless otherwise noted.

Plaintiff suffers from extensive degenerative joint disease in his left knee, and he also has a discrepancy in his leg length. In 2007, plaintiff received an M.R.I. for his knee and in May 2008 he underwent arthroscopic surgery. Since that surgery, he has continued to experience locking, buckling, spasms and instability in his knee that causes him severe pain. He has received steroid injections, narcotic and non-narcotic pain medication, a hinged knee brace and a cane, custom orthotic boots, and enrolled in the CTF Chronic Care Program (under

which prisoners are closely monitored for changes in their medical condition) (Custodian of Records ("COR") Decl. CCHCS-000011; Bright Decl. ¶ 14).  Plaintiff is morbidly obese (COR Decl. CCHSC-000011).

In September 2014, plaintiff filed an administrative appeal at CTF requesting to be seen by a podiatrist, an orthopedic specialist for knee replacement surgery (*id.* CCHCS-000006).  In the appeal he explained his condition, the surgery, and his continuing symptoms (*ibid.*). He further stated that the knee brace and medications he was provided were alleviating the pain (*ibid.*)  In response, he was seen by Dr. Tarrar, a primary care physician and surgeon (*id.* CCHCS-000008).  He was advised to lose weight and exercise to alleviate his knee pain, his request to see an orthopedic specialist for knee replacement surgery was denied, and he was referred to a podiatrist to address his leg-length disparity (*ibid*).

Plaintiff appealed this decision to the second level of review, reiterating his requests and complaints, and adding a request for a new M.R.I. examination (*id.* CCHCS-000005).  He further stated that the brace and pain medication are the "reason" he can work (*ibid.*) at his job in the kitchen. The appeal was denied at the second level by defendant Dr. Bright, the Chief Medical Executive at CTF, and S. Camara, whom defendant Ellis, the CTF Chief Executive Officer, designated to act on his behalf because Ellis was absent (*id.* CCHCS-000010-11; Ellis Decl. ¶¶ 6-7).  Dr. Bright found that an orthopedist would not help because a second surgery would not have a better outcome than the unsuccessful first surgery, plaintiff is morbidly obese and requires weight loss to address his knee pain, and plaintiff is able to walk to and from the yard and the mess hall (COR Decl. CCHCS-000011; Bright Decl. ¶ 14).  Dr. Bright in his declaration further explains that his reasoning was based on the fact that steroids had not relieved the pain, plaintiff was provided narcotic and non-narcotic pain medication, a cane, a hinged knee brace, had a job in the prison kitchen, declined a lower bunk, and enrolled in the CTF Chronic Care Program (*ibid.*).  Dr. Bright advised plaintiff that he could improve his knee problems by losing weight and strengthening his leg with exercise (COR Decl. CCHSC-000011).  Dr. Bright also denied the referral to a podiatrist because a podiatrist does not treat

1  leg length disparities or knee conditions, and instead recommended that plaintiff's primary care
2  physician order orthotics for the problem (*ibid.*).

3  In December 2014, petitioner appealed this decision to third and final level of review
4  where it was denied by R. Robinson, a designee of defendant Lewis, who is the Deputy Director
5  with the California Correctional Health Care Services and responsible for reviewing
6  administrative appeals at the third level of review (COR Decl. CCHCS-000003). Lewis states
7  that he receives too many appeals to review and decide them all within the legal deadline
8  denied plaintiff's administrative appeal. (Lewis Decl. ¶¶ 2, 4-5). In this appeal, plaintiff stated
9  that the "hardly" goes to the yard because of the knee pain, and that he feels pain while he
10 works (COR Decl. CCHCS-00005). His appeal was denied on the grounds that he was
11 evaluated by doctors, and receiving the medically necessary treatment for his condition (*id.*
12 CCHCS-000003).     On January 8, 2015, Dr. Tarrar, submitted a "Physician Request for
13 Services" ("RFS") form to defendant Dr. Bright requesting an updated M.R.I. of plaintiff's left
14 knee (Compl. 3b-3c). Dr. Bright denied the request on January 20, 2015 (Bright Decl. ¶ 3 n.1).

15 Plaintiff received custom boots from the orthotics department, and he has not
16 complained about their functionality (Bright Decl. ¶ 13).

17 Plaintiff claims that defendants violated the Eighth Amendment and were deliberately
18 indifferent to his serious medical needs.

## ANALYSIS

A. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those

3

portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

B.   ANALYSIS

The parties agree that defendants Lewis and Ellis had no personal involvement in plaintiff's medical care, and plaintiff requests that the claims against them be dismissed. Plaintiff claims, however, that Dr. Bright was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *See ibid.* A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross negligence will constitute deliberate indifference. *Id*. at 835-36 & n.4.

There is no dispute that plaintiff suffers from a degenerative and painful knee condition. There is also no dispute that plaintiff has received a wide array of medical treatment, including surgery, steroids, narcotic and non-narcotic pain medication, a hinged knee brace, and a cane, and that he has been offered a lower bunk and is a prison program that monitors inmates closely for changes in their medical condition. Plaintiff disagrees, however, with Dr. Bright's opinion as to the proper course of treatment for plaintiff's condition. In Dr. Bright's opinion, an examination by an orthopedic specialist for knee replacement surgery and a new M.R.I. are not medically necessary because in light of plaintiff's morbid obesity the knee pain and immobility need to be addressed by weight loss and exercise, and another surgery would not help. Plaintiff

believes that the proper course of treatment is for him to get a new M.R.I. examination and to be seen by an orthopedic specialist for knee replacement surgery.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058-60. In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. *Id.* at 1058.

There is no evidence from which a reasonable fact-finder could that the course of treatment Dr. Bright's chose was medically unacceptable under the circumstances. In light of plaintiff's obesity, Dr. Bright's opinion that he should address his knee pain and mobility with weight loss and exercise is not only sensible but corroborated by the doctor who examined him, Dr. Tarrar. Plaintiff complains that he cannot properly straighten and exercise his leg, but he has not shown that there are no exercises that he could perform after losing weight or that he cannot lose weight. There is also no evidence that Dr. Bright's recommendation of orthotics to treat the disparity in plaintiff's leg lengths was medically unacceptable. Plaintiff wants knee replacement surgery, and to that end he sought an M.R.I. and examination by an orthopedic specialist. However, there is no evidence that such a course of treatment was medically necessary, or even medically preferable to the course recommended by Dr. Bright of weight loss, exercise and orthotics. The only evidence as to the medical benefit of a second surgery for plaintiff is Dr. Bright's medical opinion that a second surgery would not help, and consequently neither would an M.R.I. or referral to an orthopedic specialist. Dr. Bright explains that plaintiff's condition of osteoarthritis is properly monitored by x-rays, whereas an M.R.I. would be a precursor to surgery (Bright Decl. ¶ 3 n.1). Plaintiff speculates that if he was allowed to

5

see an orthopedic specialist he would get a recommendation for a knee replacement surgery, but such speculation is not supported by any evidence.

There is no evidence that Dr. Bright's choice of weight loss, exercise and orthotics for plaintiff's condition, and his rejection of an M.R.I., an orthopedic specialist, and surgery was medically unacceptable in the context of the failed prior surgery, plaintiff's excessive weight, and the pain medication and other treatments and accommodations plaintiff was given. Consequently, there is no triable factual issue as to whether Dr. Bright was deliberately indifferent to plaintiff's medical needs. Accordingly, Dr. Bright is also entitled to summary judgment on plaintiff's Eighth Amendment claims. Defendants' alternate arguments based on exhaustion and mootness need not be addressed.

## CONCLUSION

Defendants' motion for summary judgment is **GRANTED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June  15 , 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE